THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAVAE PATTON, on behalf of himself and
others similarly situated,

    Plaintiff,

vs.

PIZZA HUT, LLC,

    Defendant.
_____/

Case No.

State Court Case No. 2021-018755-CA-01

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Pizza Hut, LLC. ("Pizza Hut" or "Defendant") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and styled as Case No. 2021-018755-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, Pizza Hut states as follows:

### I.    BACKGROUND

1.    On August 4, 2021, Plaintiff Javae Patton ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a putative class action by filing a Class Action Complaint ("Complaint") against Pizza Hut. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On August 18, 2021, Pizza Hut was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3. True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached hereto as **Exhibit C**.

4. The Complaint alleges that Pizza Hut sent telephonic sales calls to Plaintiff and putative class members without having secured prior express written consent in purported violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 and Senate Bill No. 1120 (Ex. A ¶¶ 1–2).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Pizza Hut.

6. Nothing in this Notice of Removal shall constitute a waiver of Pizza Hut's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II. VENUE

7. The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. § 1332. This is a purported class action in which the Complaint alleges that the putative class member number "in the several thousands" and the alleged damages sustained by the Class are "in the millions of dollars," exclusive of interest and costs, and is a class action in which the plaintiff is a citizen of a State different

from the defendant.  Removal is proper under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332(d)(2).

8.  Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Miami-Dade County, Florida, the location where the State Court Action is pending.

### III.  JURISDICTION

9.  This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

**A.  This Action Meets the "Class Action" Definition Under CAFA**

10.  The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B).  CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court

with respect to that action." 28 U.S.C. § 1332(d)(8).

11. Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("This is a class action. . . .")

12. Plaintiff also asserts that he seeks to represent a class, defined as:

> **All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**

(Ex. A ¶ 18).

### B. The Putative Class Exceeds 100 Members

13. Plaintiff alleges that the putative class is, upon information and belief, "in the several thousands, if not more." (Ex. A ¶ 19). Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[1]

### C. The Action Meets CAFA's Minimal Diversity Requirement

14. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

---

[1] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, Pizza Hut denies that this action ultimately will prove appropriate for class treatment.

15. Plaintiff alleges that he is a citizen of Florida. (Ex. A ¶ 5).

16. Pizza Hut is a limited liability company, incorporated in Delaware, with its principal place of business in Plano, Texas.  (Ex. A ¶ 9; *see also* **Exhibit D,** Declaration of Michael Whitman, ¶ 3). The Sole Member and Manager of Pizza Hut, LLC is Pizza Hut Guarantor, LLC.  Pizza Hut Guarantor, LLC is a Delaware limited liability company that is not qualified to do business in Florida. *Rolling Greens MHP. L.P. v. Comcast SCH Holdings. L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Accordingly, because Plaintiff is a citizen of Florida, and Pizza Hut a citizen of Delaware, CAFA's minimal diversity requirement is satisfied.

### D. This Action Meets CAFA's Amount-in-Controversy Requirement

17. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

18. The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely

irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

19. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

20. Nevertheless, Pizza Hut has submitted a declaration in support of its notice of removal that demonstrates that amount in controversy requirement is satisfied. *See* Ex. D; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (To establish the amount in controversy, "[d]efendants may introduce their own affidavits, declarations, or other documentation[.]"); *id.* at 756 (noting that "declaration by itself" can establish jurisdictional requirement); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 917 (11th Cir. 2014) (agreeing with observation that defendant, in response to motion to remand, should not be required to produce "detailed, sales-record-by-sales-record proof" regarding the amount in controversy).

21. When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as

6

well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)). Although Plaintiff's Complaint filed in the State Court Action does not specify the amount of damages Plaintiff and the class seek in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs.  (Ex. A ¶ 26).

22. To that end, Plaintiff's Complaint seeks declaratory and injunctive relief, statutory damages, and attorneys' fees and costs. (Ex. A ¶ 67).  The damages sought by Plaintiff are set forth by the FTSA, which provides for "actual damages or $500, whichever is greater." (Senate Bill No. 1120 (amending Flat. Stat. § 501.059 (10)(a)).  Additionally, if the court finds that the defendant willfully or knowingly violated this the FTSA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under the FTSA. (*id.* (amending Fla. Stat. § 501.059 (10)(b)).  The statute of limitations for an FTSA claim is four years.  (Fla. Stat. § 95.11(3)(f))

23. Business records available to Pizza Hut reflect that during the four years prior to the filing of the Complaint, above 10,000 text messages were sent to customers with Florida area codes or addresses in Florida for the purpose of soliciting a sale of consumer goods, or obtaining information that may be used for the direct solicitation of a sale of consumer goods. *See* Ex. D ¶¶ 9-10.  Since Plaintiff

7

seeks to recover up to the maximum statutory damages of $500 for each class member, the aggregated sum of alleged statutory damages alone therefore exceeds $5,000,000. Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or value" his demand places in controversy and, when taken together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction amount under CAFA. *See* 28 U.S.C. § 1332(d)(2); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

### IV.     **NOTICE**

24.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

25.     A copy of the civil cover sheet is attached hereto.

### V.     **CONCLUSION**

WHEREFORE, Pizza Hut, LLC respectfully requests that this matter be removed to the United States District Court for the Southern District of Florida and that this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

DATED:  September 16, 2021.

Respectfully submitted,

By:/s Cory W. Eichhorn
    Cory W. Eichhorn
    Florida Bar No. 576761
    Cory.eichhorn@hklaw.com
    Brandon T. White
    Florida Bar No. 106792
    Brandon.white@hklaw.com
    HOLLAND & KNIGHT LLP
    701 Brickell Avenue Suite 3300
    Miami, FL 33131
    Tel: 305-374-8500

***Attorneys for Pizza Hut, LLC***

#150751702_v1